# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John P. Ernst,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Valentine & Kebartas, Inc.,<br><br>　　　　Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff John P. Ernst ("Ernst" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Valentine & Kebartas, Inc. ("V&K" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency from

an address of 15 Union Street, Lawrence, Massachusetts 01840. V&K is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Dell Financial Services, LLC, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before February 2011.

9. On or about February 4, 2011, V&K left a scripted telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt.

10. In these scripted telephonic messages, V&K violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because V&K did not "meaningfully disclose" its identity and that V&K is a debt collector calling to collect a debt.

11. V&K also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because V&K failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

12. Specifically, V&K left the following scripted telephonic message for Plaintiff on or about February 4, 2011: "Yes, um [unintelligible] John Ernst. It's Cole [unintelligible] callin' John. I, I sent you a letter from my office of Valentine and

2

Kebartas. This letter is due to expire on Monday. It's important that I speak with you regarding the disposition of the letter. I can be reached at 800-731-7766, extension 330. Thank you. Bye." End of message.

13. Based upon information and belief, V&K has left multiple messages similar to the one left for Plaintiff on or about February 4, 2011, which violated 15 U.S.C. §§ 1692d(6) and 1692e(11).

14. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by V&K.

15. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of V&K's acts and omissions.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

17. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

18. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

19. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

20. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

21. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

4

- For such other and further relief as may be just and proper.

Dated:  November 9, 2011.　　　　　　　**MARSO AND MICHELSON, P.A.**


　　　　　　　　　　　　　　　　By:   s/Patrick L. Hayes
　　　　　　　　　　　　　　　　　　　Patrick L. Hayes (0389869)
　　　　　　　　　　　　　　　　　　　William C. Michelson (129823)
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　3101 Irving Avenue South
　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55408
　　　　　　　　　　　　　　　　　　　Telephone: 612-821-4817
　　　　　　　　　　　　　　　　　　　phayes@marsomichelson.com